SECOND AMENDED

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
__TALLAHASSEE__ **DIVISION**

**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

Steven Francis D'Amico
Inmate # L 58304
(Enter full name of Plaintiff)

vs.

Dr. Vernon Montoya,
Dr. A. Bucarelli,
Dr. Alfonso Martinez,
Dr. P. Marceus,

CASE NO: 4:15cv127MW-CAS
(To be assigned by Clerk)

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

PROVIDED TO COLUMBIA
CORRECTIONAL INSTITUTION
ON 6-28-15 (DATE) FOR MAILING
TS (STAFF INITIAL) SD (I/M INITIAL)

Filed0701'15UsDcFlnAPM1233

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: STEVEN FRANCIS D'Amico
Inmate Number: L58304
Prison or Jail: Columbia Correctional Institution, Annex
Mailing address: 216 Corrections Way
Lake City, Florida
32025

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: Vernon Montoya
    Official position: Oncologist
    Employed at: Lake Butler, R.M.C.
    Mailing address: P.O. Box 628
    Lake Butler, Florida 32050

(4) P. Marceus
    Chief Health Officer
    Columbia C.I., Annex
    216 Corrections Way
    Lake City, Florida 32025

(2) Defendant's name: A. Bucarelli
    Official position: Chief Health Officer
    Employed at: Taylor C.I.
    Mailing address: 8501 Hampton Springs Rd.
    Perry, Florida 32348

(3) Defendant's name: Alfonso Martinez
    Official position: Chief Health Officer
    Employed at: Taylor C.I.
    Mailing address: 8501 Hampton Springs Rd.
    Perry, Florida 32348

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV. **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

    A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
        Yes(✓)        No( )

        1. Parties to previous action:
            (a) Plaintiff(s): Steven F. D'Amico
            (b) Defendant(s): Florida Department of Corrections
        2. Name of judge: John Cooper     Case #: 2013CA2437
        3. County and judicial circuit: Leon County, Second Judicial Circuit
        4. Approximate filing date: August 22, 2013
        5. If not still pending, date of dismissal: May 9, 2014
        6. Reason for dismissal: Failed to state claim
        7. Facts and claims of case: All complaints/grievances denied or ignored regardless of their merits.

        **(Attach additional pages as necessary to list state court cases.)**

    B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

        Yes(✓)        No( )

        1. Parties to previous action:
            a. Plaintiff(s): Steven F. D'Amico
            b. Defendant(s): Florida Department of Corrections, etc.
        2. District and judicial division: U.S. District Court, Middle District of Florida
        3. Name of judge: Harvey E. Schlesinger     Case #: 3:13-CV-00400-HES-TEM
        4. Approximate filing date: April 17, 2013
        5. If not still pending, date of dismissal: April 25, 2013
        6. Reason for dismissal: Frivolous

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)          No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): D'Amico, Steven Francis
   b. Defendant(s): State Florida Dept. of Corrections
2. District and judicial division: Broward County Civil Division
3. Name of judge: _____  Case #: CACE-15-007542
4. Approximate filing date: August 6, 2014
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: Lack Subject matter jurisdiction defects in charging document. (State Habeas Corpus)

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(✓)          No( )   See B.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

4

6.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

1. In 2007, Oncologist Vernon Montoya diagnosed Plaintiff with Chronic Lymphocytic Leukemia (CLL) at Lake Butler Reception and Medical Center (RMC). Dr. Montoya informed Plaintiff at that time that CLL was a slow growing blood cancer which can not be cured, but can be managed with proper treatment for 25 years. Dr. Montoya began a vigorous course of treatments which included Mono-Clonal Anti-Body Therapy known as Rituxan in 2007. Plaintiff's CLL was then managed through quarterly Rituxan treatments and quarterly cancer clinic examinations by Dr. Montoya. Plaintiff recieved Rituxan every three months at the RMC Cancer clinic for seven years which successfully arrested Plaintiff's CLL.

2. Sometime in 2008, Dr. Montoya observed skin lesions on Plaintiff during a quarterly cancer clinic visit and referred Plaintiff to a R.M.C. Dermatologist, Dr. Salerno. Plaintiff was examined by Dr. Salerno who later removed numerous skin lesions from Plaintiff's skin. Dr. Salerno continued to examine Plaintiff every six months, and prescribed sunblock, hat, long sleeve shirts, and diphenhydramine for several years. Apparantly, Dr. Montoya and Dr. Salerno both determined that Plaintiff needed dermatological care. As a CLL patient, Plaintiff is at greater risk for developing secondary cancers. This is especially true of skin cancer because the skin is part of the lympatic system which is

5

already compromised by cancer in CLL patients.

3. In 2012, or thereabouts, Corizon became the health care provider for inmates held by the Department. When this occurred, Plaintiff was no longer seen by Dr. Salerno, or any other Dermatologist, and all the formerly prescribed skin protection passes were not renewed. Dr. Montoya attempted several times to refer Plaintiff to a Dermatologist during Plaintiff's quarterly cancer clinic examinations, and was informed by Corizon nurses that there was not a Dermatologist available to Department inmates. This fact evidenced that it was Corizon's "Policy" not to provide this medical service, since Corizon did not employ, contract, or otherwise make a Dermatologist available to inmates. This "policy" was therefore reflected in medical staff's deliberate withholding of this necessary medical service to Plaintiff.

4. On April 1, 2014, Plaintiff filed grievance 1404-2412 at Taylor C.I., which cited that it had been approximately two years since being examined by a dermatologist, and that Plaintiff's passes for sunblock, hat, and long sleeve shirts had all expired. As a result of said grievance, Plaintiff was seen by Dr. Bucarelli on April 9, 2014 at Taylor C.I., and Plaintiff expressed his need for skin protection. Plaintiff informed Dr. Bucarelli that RMC Dermatologist, Dr. Salerno had previously determined that Plaintiff needed skin protection from the sun. Dr. Bucarelli was dismissive, asked Plaintiff if he was a doctor, and refused to address any of Plaintiff's concerns. Plaintiff filed grievance 1404-224-046 on this issue. Dr. Bucarelli's response dated May 5, 2014 denied grievance 1404-224-046, and stated, "You do not meet criteria for some issues."

5. On April 14, 2014, Plaintiff filed grievance 1404-2485 at Taylor C.I., which cited Dr. Bucarelli's refusal to address Plaintiff's concerns over the medical necessity for skin protection from the sun. As a result Plaintiff was seen by Dr. Bucarelli on April 23, 2014 at Taylor C.I., and Plaintiff again expressed his need for skin protection. Plaintiff attempted to explain to Dr. Bucarelli that a RMC Dermatologist, Dr. Salerno determined it medically necessary for Plaintiff to be prescribed skin protection. Dr. Bucarelli took a cursory look at the various moles and blemishes covering the exposed areas of Plaintiff's skin and announced that Plaintiff was fair skinned, had freckles, and refused to consider Plaintiff's need for skin protection. Plaintiff then filed grievance 1404-224-115 at Taylor C.I. on this issue dated April 25, 2014. Dr. Bucarelli's response dated May 5, 2014, denied grievance 1404-224-115 and stated, "you were seen on April 23, 2014 with multiple issues and did not meet criteria for some of these issues."

6. Dr. Bucarelli stated in her responses to grievances 1404-224-046 and 1404-224-115, that Plaintiff "did not meet criteria." In those words Dr. Bucarelli expressed that she was willfully following Corizon's "Policy" to deprive Plaintiff of medically required care for which there was a serious need. Dr. Bucarelli's denial of all skin protection passes demonstrates her depraved indifference to the risks of skin cancer to Plaintiff. Consequently, Plaintiff was exposed to long periods of sun dialy at Taylor C.I. during this period and developed countless more moles and blemishes which have never been examined by a Dermatologist or any medical staff.

7. Plaintiff continued to file grievances at Taylor C.I., which cited the skin protection issue, including grievance 1408-218-110 filed August 27, 2014. Dr. Martinez's response dated September 4, 2014 denied grievance 1408-218-110 and stated, "treatment and medication is ordered at the discretion of provider. Review of your record indicate that you have been evaluated and treated appropriately by the provider." Plaintiff then filed grievance 1409-218-044 at Taylor C.I., which cited that Plaintiff's sick call visit with Dr. Martinez included skin protection issues that

were ignored. Dr. Martinez's response dated September 15, 2014, denied grievance 1409-218-044 and stated, "review of your record reveals that you have been appropriately evaluated and treated by provider."

8. Dr. Martinez's grievance response statement, "at the discretion of provider," infers that Corizon had the discretion to follow a policy which disregarded Plaintiff's medically established need for skin protection and skin examinations. Dr. Martinez knowingly followed Corizon protocol, since Corizon did not even have a Dermatologist available to Department inmates in need of skin care. It can also be inferred that Dr. Martinez knowingly followed Corizon's "policy" to deliberately disregard this necessary area of medical care when he denied passes for sunblock, hat, long sleeve shirts, and skin examinations to Plaintiff. Plaintiff continued to get exposed to long periods of sun at Taylor C.I., and continued to develope new moles and blemishes which were never examined by a doctor.

9. During Plaintiff's last cancer clinic examination at RMC on October 8, 2014, Dr. Montoya suddenly discontinued the Rituxan maintenance treatments. Dr. Montoya stated that according to Corizon's "policy", Plaintiff was only supposed to recieve Rituxan for two years, and that Plaintiff had already recieved Rituxan for seven years. Plaintiff has not been seen by Dr. Montoya or any other Oncologist since, and has not recieved medical care of any kind for CLL since October 8, 2014. Consequently, Plaintiff's lymph nodes in his neck have become enlarged and sore since the Rituxan treatments were stopped. Plaintiff has been subjected to unnecessary emotional duress caused by knowing that his CLL is left untreated and allowed to progress at great risk to Plaintiff.

10. Dr. Montoya also diagnosed what he suspected to be a cancerous skin lesion on Plaintiff's face at the R.M.C. cancer clinic on October 8, 2014. Dr. Montoya attempted to refer Plaintiff to a Dermatologist once again, but was prevented because Corizon does not have a Dermatologist available to inmates held by the Department. To date Plaintiff has not recieved any treatment for this suspected cancer.

Consequently, Plaintiff has been subjected to the risks of leaving this lesion untreated, and the emotional duress of knowing that this lesion is being allowed to continue to develop and endanger Plaintiff.

11. Plaintiff is also under emotional duress because of another lesion on the inside of his mouth which has gone untreated. Plaintiff reported this lesion several times to medical staff, including Dr. Montoya during Plaintiff's last cancer clinic at R.M.C. on October 8, 2014. To date this lesion has been allowed to grow to the point where it now gets bitten when Plaintiff eats food. Dr. Montoya's willful disregard for the risks to Plaintiff in leaving this lesion untreated has also caused unnecessary emotional duress.

12. Plaintiff is currently confined at Columbia C.I., Annex, where he has submitted sick call requests and filed grievances regarding the discontinuance of Rituxan treatments for CLL, and other cancer concerns. To date, Plaintiff has not recieved any meaningful medical care at Columbia. Plaintiff was seen briefly by Dr. Marceus in February of 2015 for his CLL as a result of his filings. Dr. Marceus merely told Plaintiff that his blood work looked good, and gave Plaintiff no other information regarding the CLL or other cancers. Dr. Marceus displayed willful disregard for the serious risks to Plaintiff, caused by not providing the necessary medical care for CLL and other cancers. Dr. Marceus was made aware of Plaintiff's medical history several times, and has also continued to deny Plaintiff passes for sunblock, hat, long sleeve shirts, and skin examinations, all of which increase the risks to Plaintiff.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Defendants have remained indifferent to the serious risks to Plaintiff, and denied Plaintiff necessary medical care and medications. Defendants actions have resulted in the progression of cancer and caused both physical and mental suffering which violated the Eight Amendment.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff seeks proper medical care and medications, compensatory damages, punative damages, and whatever actions this Honorable Court deems just and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

6.24.15
(Date)

Steven D'Amico
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 29 day of June, 20 15.

Steven D'Amico
(Signature of Plaintiff)

Revised 03/07

Steven D'Amico 258304
Columbia Correctional Institution
216 Corrections Way
Lake City, Florida 32025

Legal Mail

MAILED FROM A STATE CORRECTIONAL INSTITUTION

U.S. POSTAGE >> PITNEY BOWES
ZIP 32025 $ 000.70⁵
02 1W
0001380775 JUN 29 2015

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730

323017730S7

