UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF FLORIDA, TALLAHASSEE DIVISION

STEVEN FRANCIS D'AMICO (X58304),
    Plaintiff,

vs.

Dr. Vernon Montoya, Dr. A. Bucarelli,
Dr. Alfonso Martinez, Dr. P. Marceus,
    Defendants.

Case No.: 4:15cv127MW-CAS

PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION
ON 8-12-15 (DATE) FOR MAILING
CL (STAFF INITIAL)  SD  (I/M INITIAL)

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Steven F. D'Amico moves pursuant to Fed. R. Civ. P. 65(a), for a preliminary injunction prohibiting Defendants from continued denial of proper medical care, treatments, and or medication. Plaintiff's constitutional right to proper medical care and safety continue to be violated on a daily basis by Defendants. Accordingly, Plaintiff is in need of immediate injunctive relief to protect the rights at issue in this complaint. Given, the precise nature of the rights at issue, the meaningful relief sought by Plaintiff should be Granted by this Honorable Court.

## I. INTRODUCTION

Plaintiff filed a pro-se civil rights complaint on February 28, 2015, an amended complaint on June 8, 2015, and a second amended complaint on June 28, 2015; in which it was asserted that Defendants violated Plaintiff's constitutional rights pursuant to 42 USC § 1983. Plaintiff claims pertain to the ongoing and continued denial of proper medical care, treatments, special diet, and medications for Chronic Lymphocytic Leukemia (CLL), related or unrelated cancers, and other medical conditions.

A major detail of Plaintiff's plight is enumerated in the attached grievances as exhibits A-1, 2, 3, and 4, in which unknown prison medical staff denied Plaintiff's request for medical care for cancer. Chronic Lymphocytic Leukemia is not curable and patients with CLL require regular Oncology services which include examinations, treatments, examinations, medications, and a special diet. Plaintiff has also been denied Dermatological services for skin cancer. Plaintiff's allegations are verified but not limited to attached exhibits. The facts herein establish each of the elements for a preliminary injunction.

## II. ARGUMENT

"The Eleventh Circuit requires the party moving for a preliminary injunction to meet four factors: (1) the moving party demonstrates a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would cause to the non-moving party, and (4) the preliminary injunction would not be adverse to the public interest." ACLU of Fla., Inc. v. Miami Dade County Sch. Bd., 439 F.Supp.2d 1242, 1265 (S.D. Fla. 2006) (citing Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 [11th Cir. 2001]).

As set forth, Plaintiff is in dire need of injunctive relief to prevent continued violations by Defendant of Plaintiff's constitutional rights. The aforementioned violations are materially impacting Plaintiff's pro-se ability to prosecute this case, and can only be remedied in a meaningful way by injunctive relief.

1. Plaintiff is substantially likely to succeed on the merits. Defendants had sufficient knowledge of the risk of serious harm to Plaintiff. Plaintiff is inflicted with CLL, skin cancer, and other related/unrelated conditions, which left untreated through Defendant's deliberate indifference, posses serious medical risks to Plaintiff in violation of 42 USC § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

The courts have repeatedly held that deliberate indifference to serious medical needs of prisoners constitute a violation of the Eighth Amendment. The U.S. Supreme Court ruled that the Eighth Amendment requires that "Government has the obligation to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976). The Eighth Amendment proscribes more than physically barbarous punishments and embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency. A prisoner states a valid claim under 42 USC § 1983, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs... or by prison guards in intentionally denying or delaying access to medical care... or intentionally interfering with treatment once prescribed." Id. at 104-05, 97 S.Ct at 291.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).
First, the Plaintiff must prove objectively a serious medical need. Id.. Second, the Plaintiff must prove that the prison official acted with deliberate indifference to that need.
"A serious medical need is considered one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citing Hill v. DeKalb Reg'l Ywth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994). In either case, "the medical need must be one that if left untreated, poses a substantial risk of serious harm." Id. (citation and internal quotations marks omitted). CLL, skin cancer, and other related/unrelated medical conditions meet either of these definitions. Brown v. Johnson, 387 F.3d, 1344, 1351 (11th Cir. 2004).

To establish the second element of deliberate indifference to the serious medical need, the prisoner must prove three facts:

(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. 387 F. 3d. 1351 (citing McElligott v. Foley, 182 F.3d. 1248, 1255 11th Cir. 1999).

The Defendants were/are aware of Plaintiff's diagnoses with Chronic Lymphocytic Leukemia, skin cancer, and other related medical conditions, which pose serious physical risks and detremental mental health effects when left untreated. Yet Plaintiff has not recieved treatments or cancer clinic examinations since October 8, 2014, despite signs that the Chronic Lymphocytic Leukemia is no longer in remission. Plaintiff has also not recieved any treatments for the diagnosed skin cancer lesions on the face, and been denied all sun protection passes.

Plaintiff has only been seen by prison doctors in a cursory manner, and each time the medical provider refused to or could not provide Plaintiff with any information regarding cancer. Plaintiff complained numerous times and has exhausted the administrative remedies available regarding the complete denial of all medical care for CLL, skin cancer, and other medical conditions "Deliberate Indifference may be established by a showing of grossly inadequate care, as well as by a decision to take an easier but less efficacious course of treatment... Moreover, when the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." Id. (quoting Mandel v. Doe, 888 F.2d. 783, 789 11th Cir. 1989).

Plaintiff has Chronic Lymphocytic Leukemia, skin cancer, and other related/unrelated medical conditions. On October 8, 2014, Oncologist Dr. Vernon Montoya informed Plaintiff that he was only supposed to recieve Rituxan for two years, and that Plaintiff had recieved Rituxan for seven years. Dr. Montoya also informed Plaintiff that he has a cancerous lesion under the nose. Plaintiff has been denied all cancer related medical care since October 8, 2014.

4

2. The Defendant's have disregarded the risk to Plaintiff's health. Plaintiff remains in the custody of the Florida Department of Corrections, and therefore under the complete control of the very entity that enforced the inadequate medical care by Corizon's medical staff. Defendant's have remained indifferent to the risk of irreparable injury and eventual death of Plaintiff, despite their complete knowledge of it. The potential for increased serious medical risk will greatly increase as these legal proceedings go forth. It is reasonable to expect that the Plaintiff's physical and mental condition will deteriorate further if this preliminary injunction is not granted. The granting of a preliminary injunction is the only meaningful relief available to the Plaintiff, which would decrease the risk or irreparable injury or death to plaintiff.

3. The threatened injury to Plaintiff outweighs any harm a preliminary injunction would inflict on Defendant's. A preliminary injunction would not inflict any harm on the Defendant's, as it would merely direct them to abide by U.S. Constitutional mandates. When the needs of Defendants are placed in the balance against the needs of Plaintiff to be free from cruel and unusual punishment, it becomes obvious that immediate treatments for this deadly disease is essential. The continuation of the deliberate indifference to not providing a recognized necessary treatment to cancer must not be allowed by this Court, because the balancing of public interests weigh heavily in favor of this preliminary injunction being granted.

4. The preliminary injunction would not be adverse to the public interest because it would ensure that the rights promised by the U.S. Constitution are protected. While prisoners' rights are restricted by virtue of their confinement, our society recognizes that there are very basic human rights which may not be denied. Freedom from cruel and unusual punishment includes meaningful access to adequate medical care and medications. Constitutional guarantees are the

cornerstone of our legal system, and the public interest would be strongly upheld by the granting of a preliminary injunction that would curtail cruel and unusual punishment.

## III. CONCLUSION

Plaintiff's Motion for Preliminary Injunction should be granted because the Defendant's denial of proper medical care to Plaintiff violates the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff respectfully requests that the Court conduct an evidentiary hearing, whereby Plaintiff be present to testify on his behalf. By so doing the Court can more fully understand the seriousness of the risk to Plaintiff's physical and mental health.

### UNNOTAIZED OATH

I declare under penalty of perjury that the foregoing statements of fact, including all attachments, are true and correct.

*Steven D'Amico*
STEVEN D'Amico X5830X
Columbia Correctional Institution
216 Corrections Way
Lake City, Florida 32025

I declare under penalty of perjury that this Motion for Preliminary Injunction was delivered to prison officials for mailing on: August 12, 2015.
*Steven D'Amico*

6

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

TO: (Check One)
- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [x] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other _____

FROM:
| Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| Steven D'Amico | 258304 | N3215 | | 4·5·15 |

**REQUEST**   Check here if this is an informal grievance ☐

Please be advised that your discontinuance of my Antibody Therapy (Rituxan®) has resulted in my lymph nodes becoming swollen and sore. It has also been over six months (9/14) since I was seen by Vernon Montoya, the Oncologist at RMC. In fact I have not recieved any meaningful medical care since being transferred to Columbia Correctional Institution.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Steven D'Amico        DC#: 258304

RECEIVED IN MENTAL HEALTH
APR 7 2015
COLUMBIA CI ANNEX

—— DO NOT WRITE BELOW THIS LINE ——

**RESPONSE**                       DATE RECEIVED: _____

Denied until approved by MD.
Referred to MD for Eval

RECEIVED BY MEDICAL
APR 08 2015
COLUMBIA ANNEX

[The following pertains to informal grievances only:
Based on the above information, your grievance is __Denied__. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Cuandonilua   Official (Signature): Cuandonilua   Date: 4·20·15

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**EXHIBIT A-1**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

251-150427-14

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☒ Medical ☐ Mental Health | ☐ Dental ☐ Other ___ |
|---|---|---|---|---|

| FROM: | Inmate Name: Steven D'Amico | DC Number: 258304 | Quarters: B1138 S | Job Assignment: | Date: 4/25/15 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☒

This is a informal grievance appealing the denial of my request for proper medical on 4-20-15. In my request I explained that the lymph nodes in my neck have become swollen and sore since my Mono Clonial Anti-body Therapy was discontinued 9-14.

I recieved these treatments every three months since 2007 and would like proper medical care. Since my arrival at Columbia Correctional Institution I was seen by Dr. Marceus on only one occassion and this was cut short by Dr. Marceus who informed me that he had to go sew someone up. Dr. Marceus basically did absolutely nothing other than to tell me to put in another sick call for my concerns. Please provide proper medical care.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Steven D'Amico_    DC#: 258304

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: APR 27

APPT ē MO TOMORROW

RECEIVED APR 27

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): Ke Cruz Mj    Official (Signature): _____    Date: 4-28-15

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**EXHIBIT A-2**

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

To Warden Drake

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| D'Amico, Steven F. | L58304 | Columbia C.I., Annex |
|---|---|---|
| Last First Middle Initial | DC Number | Institution |

### Part A – Inmate Grievance

The attached informal grievance dated April 25, 2015 and Inmate request dated April 5, 2015 were recieved last night, June 23, 2015. As you can readily see this grievance 251-1504571F is of a very serious nature and took two months to get back from medical, preventing me to appeal it to your level.

This grievance is made regarding the two month delay in recieving a response to this informal grievance.

Attachments: DC6-236 dated 4.25.15
DC6-236 dated 4.5.15

UNNOTORIZED OATH
Under Penalties of Perjury, I declare I have read the foregoing 203 (affidavit) and that the facts contained in it are true.

[signature]

## PART B - RESPONSE

| DAMICO, STEVEN | L58304 | 1506-251-281 | COLUMBIA ANNEX | N3209L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy and appeal has been reviewed and evaluated.

Your formal grievance and been received and responded to. As you can tell by the dates on the informal and the request they were answered in a timely manner. Medical has no control over how long it takes for them to get back to the inmates. In the future this is an issue to be handled at a lower level this is not a health concern that may pass the informal level.

If you feel you have additional problems and wish to be seen again, you may sign up for sick call. A co-pay charge will apply each time you initiate a health service encounter.

Based on the foregoing, your request for administrative remedy or appeal is denied. you may obtain further administrative review of your complaint by obtaining form DC1-303, request for administrative remedy or appeal, completing the form, providing attachments as required by paragraphs 33-103.007 (3) (a), F.A.C., and forwarding your complaint to the bureau of Inmate Grievance Appeals, 201 S. Calhoun Street, Tallahassee, Florida 32399-2500.
CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Medical Director

_____    _____    7/1/15
SIGNATURE AND TYPED OR PRINTED NAME    SIGNATURE OF WARDEN, ASST. WARDEN, OR    DATE
OF EMPLOYEE RESPONDING    SECRETARY'S REPRESENTATIVE

JUL 06 2015

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

EXHIBIT A-4

Jon D'Amico Z58304
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, Florida 32344

8/15/08

LEGAL MAIL!!!

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7717

MAILED FROM A STATE
CORRECTIONAL
INSTITUTION

U.S. POSTAGE >> PITNEY BOWES
ZIP 32025 $ 000.70⁵
0001380775 AUG 13 2015

PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION ON 8-12-11 (DATE) FOR MAILING (I/M INITIAL)