UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.: 4:15-CV-127-MW-CAS

STEVEN FRANCIS D'AMICO
#L58304,

    Plaintiff,

vs.

DR. MONTOYA, DR. BUCARELLI,
DR. MARTINEZ, and DR. MARCEUS

    Defendants.

## DEFENDANT DR. ANNA BUCARELLI'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Dr. Anna Bucarelli ("Bucarelli") files this Answer, Affirmative Defenses and Jury Demand to the Plaintiff's Second Amended Complaint ("Complaint") [ECF #13] as follows:

## ANSWER

1. Defendant Bucarelli denies all allegations contained in the Complaint unless specifically admitted herein, and demands strict proof of all denied allegations.

2. Defendant Bucarelli admits the allegations in Section I of the Complaint to the extent the Plaintiff has been convicted of a felony and is an inmate incarcerated within the Florida Department of Corrections.

3. Bucarelli admits the allegations in paragraph (1) of Section II of the Complaint to the extent Vernon Montoya has been named as a Defendant in this action.

4. Bucarelli admits the allegations in paragraph (2) of Section II of the Complaint to the extent she has been named as a Defendant in this action.

5. Bucarelli admits the allegations in paragraph (3) of Section II of the Complaint to the extent Alfonso Martinez has been named as a Defendant in this action.

6. Bucarelli admits the allegations in paragraph (4) of Section II of the Complaint to the extent P. Marceus has been named as a Defendant in this action.

7. Bucarelli admits that the Plaintiff has received medical care and treatment while incarcerated within the Department of Corrections as documented in the Plaintiff's medical records as alleged in Section V of the Complaint. Otherwise denied.

## **AFFIRMATIVE DEFENSES**

8. As the first affirmative defense, Bucarelli states that the Plaintiff's Complaint fails to state a cause of action against her upon which relief may be granted under Florida or Federal law.

9. As a second affirmative defense, Bucarelli denies that the Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of Dr. Bucarelli.

10. As a third affirmative defense, Bucarelli states that the Plaintiff may have suffered the injury complained of due to his negligence or the negligence of third parties and that such negligence was the legal cause of any damages alleged suffered by the Plaintiff and as such, the Plaintiff is thereby only entitled to such damages, if any, as were legally caused by Bucarelli.

11. As a fourth affirmative defense, Bucarelli states that the Plaintiff has failed to mitigate damages and that the Plaintiff's recovery must be denied or reduced in proportion to the failure to so mitigate.

12. As a fifth affirmative defense, Bucarelli states that the Plaintiff's alleged damages were the sole result of unforeseeable acts or omissions of third parties or persons over which Bucarelli had no control.

13. As a sixth affirmative defense, Bucarelli states that if the facts alleged in support of the Plaintiff's claim could be interpreted as a claim for medical negligence or for medical malpractice arising out of the rendering of, of the failure to render, medical care or services, Bucarelli asserts as a defense to such a claim the Plaintiff's failure to comply with the statutory, mandatory prerequisites of the Florida Medical Negligence Act.

14. As a seventh affirmative defense, Bucarelli affirmatively states that she did not breach any duty owed to the Plaintiff

15. As an eighth affirmative defense, Bucarelli states the Plaintiff has suffered no physical injury resulting from any action or inaction of Bucarelli and may not recover for any emotional injuries pursuant to 42 U.S.C. § 1997e.

16. As a ninth affirmative defense, Bucarelli states that the actions and omissions allegedly committed by her do not rise to the level of a constitutional deprivation and are not actionable under 42 U.S.C. § 1983.

17. As a tenth affirmative defense, Bucarelli avers that any injury, damage, or loss alleged by the Plaintiff was the result of pre-existing medical conditions or incidents that occurred prior to or subsequent to any act or conduct of Bucarelli.

18. As an eleventh affirmative defense, Bucarelli avers that the Plaintiff may not have exhausted his administrative remedies.

19. As a twelfth affirmative defense, Bucarelli cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

## JURY DEMAND

Bucarelli demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, a copy of the foregoing was served via electronic mail and/or U.S. mail to the following:

Steven Francis D'Amico #L58304
Columbia Correction Institution
216 Corrections Way
Lake City, Florida  32025

Michael J. Thomas
*Attorney for Dr. Vernon Montoya*
PENNINGTON MOORE WILKINSON
215 S MONROE STREET, 2ND FLOOR
P O BOX 10095
TALLAHASSEE, FL  32302-2095
Phone: 850.222.3533
Fax: 850.222.2126
Email: mike@penningtonlaw.com

**THE TOOMEY LAW FIRM, LLC**
*Attorney for Defendant Dr. Anna Bucarelli*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone: 239.337-1630
Fax:  239-337-0307
Email:       GAT@thetoomeylawfirm.com
         ALR@thetoomeylawfirm.com
         CSB@thetoomeylawfirm.com

By:  s/Gregg A. Toomey
     Gregg A. Toomey
     Florida Bar No. 159689

5