IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION

STEVEN F. D'AMICO,
Plaintiff,

vs.

Dr. Vernon Montoya, Dr. A. Bucarelli, Dr. Alfonso Martinez, Dr. P. Marceus,
Defendants.

Case No.: 4:15 CV 127-MW/CAS

PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION
ON 1·20·16 (DATE) FOR MAILING
___ (STAFF INITIAL) ___ (I/M INITIAL)

## Amended Response To Defendant Dr. Vernon Montoya's Motion To Dismiss

Plaintiff Steven F. D'Amico, hereby responds to Defendant Montoya's Motion To Dismiss, and states:

1. Defendant Montoya was under contract with the State of Florida Department of Corrections, or their agent, to provide onocological services to Florida prisoners. He and unnamed partners and or associates, built a cancer center building on property occupied by the prison known as Lake Butler Reception and Medical Center. This structure was built with Montoya's (and associates) personal money (private sector money), to provide onocological services to Florida prisoners. This building as well as other cancer clinic offices are within the prison fence, and are administered to by Defendant Montoya, FL-DOC Staff, Corizon Health Services nurses, and prisoners.

2. Defendant Montoya diagnosed Plaintiff with Chronic Lymphocytic Leukemia in 2007, at Lake Butler R.M.C., pronounced Plaintiff's condition uncurable, and informed Plaintiff it could be managed by treatments for 25 years or more. Dr. Montoya had the legal duty to provide Plaintiff with said services.

3. Defendant Montoya willfully treated Plaintiff for cancer for seven years. Montoya personally examined plaintiff every three months at the cancer clinic located in the Lake Butler R.M.C. hospital. Montoya also ordered Rituxan to be intravienously administered to plaintiff every three months at the cancer center also located at Lake Butler R.M.C.

4. On 10.8.14 Defendant Montoya suddenly informed plaintiff he was only supposed to recieve Rituxan for two years. Montoya wrongfully withheld all oncological services including examinations from plaintiff since that date. If defendant Montoya's assertion Rituxan should only be given for two years is true, then he wrongfully subjected plaintiff to five years of unnecessary treatments. These treatments caused five years of unnecessary physical and mental pain and suffering.

5. Defendant Montoya examined plaintiff for lymph node swelling every three months for seven years at the cancer clinic at Lake Butler R.M.C.. Montoya wrongfully made no such examination of plaintiff during the last cancer clinic visit on 10.8.14. Montoya's failure to examine plaintiff demonstrates his decision to cease treatment of plaintiff at that time, and allow plaintiff's cancer to progress.

6. Defendant Montoya ignored all requests sent to him at Lake Butler R.M.C., inquiring about the sudden withholding of all medical care, including Rituxan treatments, for over one year.

7. Defendant Montoya, a Oncologist, was aware the standard care for plaintiff's chronic Lymphocytic Leckemia required frequent examinations by a Oncologist. Despite Montoya's knowledge, he wrongfully denied all plaintiff's cancer needs for over one year. This caused no end to the mental pain suffered by plaintiff.

8. Defendant Montoya wrongfully made CAT scans a precondition of treatment. Montoya was fully aware plaintiff objected to the excessive X-ray radiation exposure for several years. Montoya was aware X-ray radiation exposure causes mutations to chromosomes and cancer. Montoya wanted to expose plaintiff to the excessive X-Ray radiation of the ancient CAT scan

2

apparatus at Lake Butler R.M.C..

9. Defendant Montoya was aware the standard care for plaintiff's Chronic lymphocytic leukemia required better nutrition than for normal people. Despite Montoya's knowledge he denied plaintiff a special diet cancer patients routinely recieved. Defendant Montoya thus wrongfully withheld nutritional needs of plaintiff which caused years of mental pain. Plaintiff resorted to extreme measures in his efforts to recieve proper nutrition while under Montoya's care.

10. Defendant Montoya was aware of plaintiff's many skin lesions, and that the skin is part of the lymphatic system, already cancerous in plaintiff. Montoya was aware the standard care for plaintiff included dermatological care including examinations and protection from the sun's radiation. Montoya was aware skin cancer left untreated will progress and cause great risk to plaintiff. Despite Montoya's knowledge, he denied plaintiff all dermatological needs for years due to his indifference.

11. In addition to the obvious health risks to plaintiff, defendant Montoya exhibited depraved indifference to the great emotional turmoil his sudden withdrawal of all oncological care would cause plaintiff. Montoya has also remained indifferent to the irreparable injury and eventual death of plaintiff caused by the wrongful denial of all oncological care. This situation has caused a chilling effect that is indescribable for plaintiff.

For these reasons Steven F. D'Amico respectfully requests the Court not dismiss his Complaint against defendant Montoya.

Sincerely

Steven D'Amico

## UNNOTARIZED OATH

Under Penalties of Perjury, I declare I have read the foregoing document, and the facts contained in it are true and correct.

*Steven D'Amico*

## CERTIFICATE OF SERVICE

I declare under penalty of perjury, this document was delivered to prison officials for mailing to:
Dr. Vernon Montoya, c/o Michael J. Thomas, Atty at Law, 215 South Monroe Street, Suite 200, Tallahassee, Florida 32301;

On the 20 day of January, 2016.

*Steven D'Amico*
Steven F. D'Amico
Columbia Correctional Institution
216 Corrections Way
Lake City, Florida 32025

4

Steven D'Amico, L58304
Columbia Correctional Institution
216 Corrections Way
Lake City, Florida 32025

MAILED FROM A STATE
CORRECTIONAL
INSTITUTION



LEGAL MAIL
1/16-117

United States District Court
Northern District of Florida
Office of Clerk
111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7717

PROVIDED TO COLUMBIA C.I. / RECEPTIONAL INSTITUTION ON 1-20-16 (DATE FOR MAILING)
TB (STAFF INITIAL)   JD (JJW INITIAL)