UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO.: 4:15-CV-127-MW-CAS

STEVEN FRANCIS D'AMICO
#L58304,

    Plaintiff,

vs.

DR. MONTOYA, DR. BUCARELLI,
DR. MARTINEZ, and DR. MARCEUS

    Defendants.

### DEFENDANT DR. BUCARELLI'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF #42]

Defendant Dr. Ana Bucarelli ("Dr. Bucarelli") files these objections to the Magistrate Judge's Report and Recommendation ("R&R"), [ECF #42], as follows:

**Objection #1: The Magistrate Judge erred in not finding that D'Amico's request for injunctive relief was inapplicable to Dr. Bucarelli because she is no longer employed by Corizon and cannot provide the requested relief.**

In his motion for injunctive relief, D'Amico sought an order for "Defendants" to stop denying him medical care and treatment [ECF #16]. In her response to D'Amico's motion for injunctive relief, Dr. Bucarelli pointed out that she was no longer employed by Corizon and could not provide the requested relief [ECF #41, pp. 4-5].

In the R&R, the Magistrate Judge first found that D'Amico satisfied all four prerequisites for injunctive relief [ECF #42, pp. 14-17]. The Magistrate Judge cited Rule 65(d)(2) of the Federal Rules of Civil Procedure and concluded the injunction would be applicable to Dr. Montoya and to "other persons who participate in providing medical care to prisoners" [*Id.*, pp. 17-18].

The Magistrate Judge's analysis does not mention how granting the injunction would affect Dr. Bucarelli. As she previously pointed out, Dr. Bucarelli would be powerless to comply with an order granting an injunction because she is no longer employed by Corizon. Her status as a former employee also means she is not in privity with any Corizon employees as contemplated under rule 65(d)(2). *See Allen v. Sch. Bd. for Santa Rosa Cnty., Fla.*, 787 F. Supp.2d 1293, 1296 (N.D. Fla. 2011) ("It is generally accepted that an injunction may be enforced against a nonparty in 'privity' with an enjoined party."). Dr. Montoya is an outside contractor and is not a current or former Corizon employee. Thus, any injunctive order as to Dr. Montoya would be inapplicable to Dr. Bucarelli or Corizon. *See E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 840 (11th Cir. 2009) ("The law is clear that a court may not enforce an injunction against a nonparty 'who act[s] independently' of the enjoined party.").

**Objection #2: The Magistrate Judge erred in not finding that D'Amico's request for injunctive relief became moot as to Dr. Bucarelli after D'Amico transferred to another facility.**

In her response to D'Amico's motion, Dr. Bucarelli also argued the request for injunctive relief was moot because D'Amico had been transferred to a different facility [ECF #41, p.5]. However, the Magistrate Judge found that D'Amico's transfer to another prison did not render his request for relief moot [ECF #42, p. 17]. He explained it was "a reasonable assumption" that specialty care such as oncology was provided at Regional Medical Centers, and noted that Dr. Montoya was employed at Lake Butler RMC.[1]

The Magistrate Judge failed to consider the request for injunctive relief as it pertained to Dr. Bucarelli. In doing so, he failed to specifically find that the request for injunctive relief against her became moot as soon as he transferred to another facility and she was no longer able to provide the relief sought. *See, e.g.*, *Dunn v. Adams*, No. 14-14590, 2016 WL 737746, at *2 n.2 (11th Cir. Feb. 25, 2016) (unpublished) (noting that an inmate's claims for injunctive relief against prison officials became moot after he was transferred to a new facility) (citing *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011)); *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.").

---

[1] Dr. Montoya did not file a response to the motion for injunctive relief.

3

**Objection #3: The Magistrate Judge erred in finding that D'Amico satisfied his burden in establishing that he was entitled to injunctive relief.**

D'Amico pointed out in his Amended Complaint that chronic lymphocytic leukemia ("CLL") is a "slow growing blood cancer" [ECF #13, p. 5]. The National Cancer Institute recognizes that "watchful waiting," or "closely monitoring the patient's condition without giving any treatment until signs or symptoms appear or change," is a standard type of treatment for CLL.[2] D'Amico has not shown that he is entitled to injunctive relief because CLL is a slowly progressing condition and he did not show that he is in danger of *imminent* harm. *See Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir. 2000) ("As we have emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'").

D'Amico's assertion that he is not receiving any active treatment, *i.e.,* chemotherapy or medical therapy, is consistent with "watchful waiting," which is recognized as the standard of care for treatment of this condition. The Magistrate Judge erred in concluding D'Amico met his high burden for injunctive relief because he did not show a "real and immediate – as opposed to a merely conjectural threat or hypothetical – threat of *future* injury." *See Wooden v. Bd. of*

---

[2] *See* http://www.cancer.gov/types/leukemia/patient/cll-treatment-pdq#section/_48.

*Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original). As Dr. Bucarelli explained in her response, D'Amico's assertion that "[i]t is reasonable to expect that the Plaintiff's physical and mental condition will deteriorate further if this preliminary injunction is not granted" does not suggest an immediate, irreparable injury [ECF #16, p. 5].

The lack of an imminent danger of harm is dispositive to the injunction analysis. Even if D'Amico establishes a substantial likelihood of success on the merits, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *See Siegel*, 234 F.3d at 1176; *see also United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983).

Moreover, granting an injunction would not be in the public interest. The Supreme Court has instructed that federal courts should "afford appropriate deference and flexibility to state officials trying to manage" prisons. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995); *see also Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981) ("The federal courts should use great restraint before issuing orders based on the finding that the state has followed unlawful procedures in discharging the unenviable task of keeping dangerous men in safe custody under humane conditions.") (quotation omitted). Medical providers, especially those faced with the special risks and challenges of practicing medicine

5

within the correctional system, should not be asked to exercise their medical judgment with constant fear of interference by the judiciary.  If inmates are allowed to dictate their own course of treatment, it will severely impact the medical providers' ability to adequately treat their patients, and will result in a flood of costly litigation, with inmates seeking their own preferred treatments.

For all of the above reasons, D'Amico's motion for injunctive relief should be denied.  This Court should overrule the Magistrate Judge's R&R and deny D'Amico's motion for injunctive relief.

## **CERTIFICATE OF WORD LIMIT**

Pursuant to Local Rule 7.1(F), these Objections contain 1,334 words.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, a copy of the foregoing was served via electronic mail and/or U.S. mail to the following:

| | |
|---|---|
| Steven Francis D'Amico, #L58304<br>Columbia Correctional Institution<br>216 Corrections Way<br>Lake City, Florida  32025 | Michael J. Thomas<br>*Attorney for Dr. Vernon Montoya*<br>PENNINGTON MOORE WILKINSON<br>215 S MONROE STREET, 2ND FLOOR<br>P.O. BOX 10095<br>TALLAHASSEE, FL 32302-2095<br>Phone: 850.222.3533<br>Fax: 850.222.2126<br>Email: mike@penningtonlaw.com |

**THE TOOMEY LAW FIRM, LLC**
*Attorney for Defendant Dr. Ana Bucarelli*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone: 239.337-1630
Fax:  239-337-0307
Email:   GAT@thetoomeylawfirm.com
    ALR@thetoomeylawfirm.com
    CSB@thetoomeylawfirm.com


By: s/Gregg A. Toomey
    Gregg A. Toomey
    Florida Bar No. 159689

497563v.1