UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN F. D'AMICO,

     *Plaintiff*,

v.                           CASE NO. 4:15CV127-MW/CAS

VERNON MONTOYA ET AL.,

     *Defendants.*

_____/

**ORDER ON REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Report & Recommendation ("R&R"), ECF No. 42, and the objections filed by Defendant Dr. Ana Bucarelli, ECF No. 44. The R&R is adopted in part as this Court's opinion, rejected in part, and otherwise reserved for ruling at a later time.

The Magistrate recommends that Defendant Dr. Vernon Montoya's motion to dismiss, ECF No. 31, be denied and that Plaintiff Steven D'Amico's motion for a preliminary injunction, ECF No. 16, be granted. The Magistrate's recommendation and reasoning with respect to the motion to dismiss is adopted in its entirety.

As for the preliminary injunction, the Magistrate's reasoning as to why D'Amico's prayer for injunctive relief is not "moot,"

1

as well as the Magistrate's conclusion that all Defendants can be bound by such an injunction, needs to be adjusted. Insofar as D'Amico seeks damages, he is proceeding against Defendants in their *individual* capacities under 42 U.S.C. § 1983. But insofar as he seeks prospective injunctive relief, he's proceeding against Defendants in their quasi-official capacities under *Ex parte Young*, 209 U.S. 123 (1908).[1]

The proper defendants in an action to end a continuing violation of federal law under *Ex parte Young* are those officials who are in some way "responsible for" the violation. *See Luckey v. Harris*, 860 F.2d 1012, 1015–16 (11th Cir. 1988). It seems clear that the chief health officer at the prison D'Amico was and is incarcerated in would be such a person. (The chief health officer at Columbia when D'Amico filed his motion was Dr. Pierre Marceus, but it seems that may no longer be the case. *See* ECF No. 42, at 2 n.1.) It also appears that Dr. Montoya (or, more accurately, the person in

---

[1] D'Amico doesn't say in his complaint whether he's suing Defendants in their official or their individual capacities or both, but given the types of relief he seeks and the fact that he's proceeding pro se, it's appropriate for this Court to "fill in the blanks," so to speak. *See, e.g., Ali v. Smith*, No. 93C2832, 1993 WL 394774, at *1 (N.D. Ill. Oct. 4, 1993) ("Although there is a presumption that defendants named with their official titles are sued in their official capacities only, . . . plaintiff is pro se and, at this point, his complaint will be liberally construed to include both official and individual capacity claims.").

2

Dr. Montoya's position) is "responsible for" the cessation of D'Amico's cancer treatment and would be in a position to ensure that treatment is resumed.[2] ECF No. 42, at 4. On the other hand, Dr. Bucarelli and Dr. Alfonso Martinez, who were both at D'Amico's old institution, are not proper defendants under *Ex parte Young* because they are not "responsible for" any ongoing or imminent constitutional deprivation.

With this in mind, Dr. Bucarelli's first and second objections must be sustained. She is a proper defendant in her individual capacity for D'Amico's § 1983 claim for damages, but she is not a proper defendant for his claim for injunctive relief. The same goes for Dr. Martinez, of course.

It is not clear whether Dr. Montoya and Dr. Marceus still occupy their former positions. For purposes of D'Amico's *Ex parte Young* quasi-official-capacity claims, however, it doesn't matter;

---

[2] It is not clear what position Dr. Montoya holds. Given the rise of prison privatization in this state, it is not even clear whether Dr. Montoya is a state employee or whether he is a private doctor who is retained by the state. In either case, however, he would be a proper defendant under *Ex parte Young* to the same extent he would be entitled to Eleventh Amendment immunity if sued in his official capacity for damages. *Cf. Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2000) ("Eleventh Amendment immunity may extend to defendants other than the State based upon: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; and (3) from where the entity derives its funds and who is responsible for judgments against the entity.").

automatic substation under Rule 25(d) of the Federal Rules of Civil Procedure is proper. *See ACLU of Miss., Inc. v. Finch*, 638 F.2d 1336, 1341–42 (5th Cir. Unit A Mar. 13, 1981) ("[T]here is no logical reason why a suit against a government official may not be against him in his personal capacity within the meaning of *Ex parte Young*, and yet still be 'official' enough to require automatic substitution under" the predecessor to Rule 25(d).).[3] So for purposes of D'Amico's claim for injunctive relief—including his prayer for preliminary injunctive relief—the *current* chief health officer at Columbia and the *current* person occupying Dr. Montoya's position are the proper defendants.

The problem is that neither of these people has been properly served. The current health chief at Columbia hasn't been served at all. Dr. Montoya has been served, but (1) he may not be the right defendant anymore and (2) even if he is, he appears to have been served in his individual capacity, and has certainly proceeded as if that were the case. *See* ECF Nos. 20 & 31. Proper service is needed so that the proper parties can be brought into this case and can

---

[3] Decisions of the Fifth Circuit handed down prior to October 1, 1981 are binding within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

respond meaningfully to D'Amico's preliminary injunction motion. Until this occurs, it is impossible for this Court to issue a preliminary injunction (even if warranted) because a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Once the proper defendants for purposes of the preliminary injunction proceedings have been served, this Court will set an expedited schedule for hearing those parties' responses to D'Amico's motion. Until that time, this Court will reserve ruling on the merits of the preliminary injunction motion.

Accordingly,

**IT IS ORDERED:**

1. The Report & Recommendation, ECF No. 42, is **ACCEPTED** and **ADOPTED IN PART** as this Court's opinion, **REJECTED IN PART** and otherwise **RESERVED FOR RULING**. Defendant Dr. Ana Bucarelli's Objections, ECF No. 44, are **SUSTAINED IN PART** and **RESERVED FOR RULING IN PART**.

2. The Clerk shall enter judgment stating, "Defendant Dr. Vernon Montoya's Motion to Dismiss, ECF No. 31, is **DENIED**. Plaintiff's Motion for a Preliminary Injunction,

ECF No. 16, is **DENIED** as to Defendants Dr. Ana Bucarelli and Dr. Alfonso Martinez and as to Defendants Dr. Vernon Montoya and Dr. Pierre Marceus in their individual capacities. The motion for a preliminary injunction is otherwise **TAKEN UNDER ADVISEMENT**."

3. The Clerk shall alter the list of defendants to reflect the fact that Dr. Montoya and Dr. Marceus are sued in both their official and individual capacities, while Dr. Bucarelli and Dr. Martinez are sued only in their individual capacities.

4. The Clerk of Court shall provide the United States Marshals Service with the following:

   a. two prepared service copies of the second amended complaint, ECF No. 13;

   b. two summonses; and

   c. two copies of this Order.

5. The summonses must make clear that the people being served are sued in their *official* capacity.

6. The Marshals Service is directed to serve as soon as is practicable the following person *in their official capacity*

by providing him or her with one copy of each of the items listed above.

    a. The current Chief Health Officer or head medical professional at Columbia Correctional Institution.

7. Dr. Montoya—who has been served and is represented by counsel—must show cause **on or before Tuesday, April 5, 2016** why he should not be served again in his official capacity.

8. The Marshals Service shall file a response to this Order **on or before April 8, 2016** advising as to service efforts. In the alternative, the executed summons may be filed.

**SO ORDERED on April 1, 2016.**

                                          s/Mark E. Walker  
                                          **United States District Judge**