# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**STEVEN F. D'AMICO,**

  **Plaintiff,**

**vs.**         **Case No. 4:15cv127-MW/CAS**

**DR. VERNON MONTOYA,**
**DR. A. BUCARELLI,**
**DR. ALFONSO MARTINEZ,**
**and DR. P. MARCEUS,**

  **Defendants.**

_____/

## AMENDED REPORT AND RECOMMENDATION

Dr. Hezekiah Owojuyigbe was substituted as a Defendant for

Dr. Marceus, the chief health officer at Columbia Correctional Institution.

ECF No. 59.  Dr. Owojuyigbe filed a motion to dismiss, ECF No. 86, and a

response to the motion for preliminary injunction, ECF No. 87.  The motion

to dismiss was addressed in a Report and Recommendation entered on

May 27, 2016.  ECF No. 88.  Dr. Owojuyigbe filed objections, ECF No. 95,

which was deemed to be a motion for reconsideration.  *See* ECF No. 96.

Having reviewed the motion for reconsideration, this amended Report and

Recommendation is entered to provide clarification.  The recommendation remains the same.

**Motion to Dismiss, ECF No. 86**

Dr. Owojuyigbe argued that he should be dismissed because his presence in this case "is duplicative and unnecessary because Department of Corrections' Secretary Julie L. Jones has already been added as a Defendant in her official capacity."  ECF No. 86 at 2.  The Secretary has been served, and her response to the complaint generally asserts that she is without sufficient knowledge to admit or deny the allegations of the complaint.  *See* ECF No. 93.  The Secretary also raises respondeat superior as an affirmative defense.  *Id.* at 9.

Considering the difficulty experienced in this case in locating and serving Defendants, the fact that Secretary Jones is not involved in the provision of health care and, presumably, lacks medical training to do so, her presence in this case is not merely duplicative.  The Secretary has authority over all correctional institutions, but Dr. Owojuyigbe, as the Chief Health Officer at Columbia Correctional Institution is in a position to direct specific health care services.  It is not unusual for prison officials who do not practice medicine to argue they must defer to the professional judgment and experience of those persons who provide healthcare and

raise respondeat superior as a defendant.  *See* Gamble v. Estelle, 554

F.2d 653, 654 (5th Cir. 1977) (dismissing clams against Director of the

Texas Department of Corrections and a warden who argued that the claims

against them were "not for having failed to provide treatment, but more on

respondeat superior principles in line with their official capacities.");

Greason v. Kemp, 891 F.2d 829, 839-40 (11th Cir. 1990) (rejecting

warden's defense of supervisory liability); Vaughn v. Kerley, 897 F. Supp.

1413, 1420 (M.D. Fla. 1995) (dismissing claims against former Department

of Corrections' Secretary Harry Singletary and "Chief Administrative

Officer" at Hardee Correctional Institution Kermit Kerley because they were

not "medically trained and had nothing to do with the medical

assessment."); Kelly v. Ambroski, 97 F. Supp. 3d 1320, 1343 (N.D. Ala.

2015) (finding it undisputed that neither the warden or assistant warden

had any medical training and noting that "medical personnel made all

decisions concerning the plaintiff's course of treatment"); Malloy v. Latey,

No. 96-1657-CIV-T-17B, 1997 WL 658982, at *3 (M.D. Fla. Sept. 30, 1997)

(granting sheriff's motion to dismiss on basis of respondeat superior).

Dr. Owojuyigbe has medical expertise and professional judgment which is

relevant and necessary.  The Secretary has raised respondeat superior as

a defendant.  Dr. Owojuyigbe is not duplicative.

Additionally, the fact that Dr. Owojuyigbe he is not an Oncologist does not mean he is not an appropriate Defendant.  *See* ECF No. 95 at 3. That is especially true considering the fact that Dr. Matthew Sweetser was substituted as a Defendant in his official capacity as an Oncologist.  ECF Nos. 55, 57; *see also* ECF Nos. 69, 76.  Dr. Sweetser has failed to respond to the complaint and is in default.  For all these reasons, Dr. Owojuyigbe should not be dismissed from this case as redundant and the motion to dismiss on that basis should be denied.

Dr. Owojuyigbe also seeks dismissal on the basis that "Plaintiff failed to exhaust administrative remedies."  ECF No. 86 at 3.  After noting that the Department of Corrections has a three step grievance process, and pointing to some of Plaintiff's statements in the complaint concerning the grievances he filed, Dr. Owojuyigbe argued that "Plaintiff fails to plead or otherwise show that he has exhausted his administrative remedies . . . ." *Id.* at 7-8, 12-13.  Indeed, the only argument put forward as to exhaustion is that "Plaintiff has failed to plead he has exhausted all of his administrative remedies . . . ."  *Id.* at 13.  That argument was rejected in the initial Report and Recommendation on the motion to dismiss.  *See* ECF No. 88.

In the motion for reconsideration, Dr. Owojuyigbe contends he "showed how the Plaintiff has failed to follow [the] three-step procedure and has therefore failed to exhaust administrative remedies." ECF No. 95 at 4. Dr. Owojuyigbe pointed to allegations made by Plaintiff in the complaint to support his argument that this case should be dismissed. *Id.*; *see also* ECF No. 86 at 12-13.

The recommendation made in the Report and Recommendation was correct as entered because Plaintiff's allegations are not determinative of exhaustion. It is well established that a prisoner is "not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). The Supreme Court made abundantly clear in Jones v. Bock "that failure to exhaust is an affirmative defense under the PLRA." Thus, arguing that Plaintiff "failed to show he" completed the grievance process is insufficient. Plaintiff's failure to demonstrate how he exhausted does not require dismissal. Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). Dr. Owojuyigbe's exhaustion defense is unsupported and must be rejected. The motion for reconsideration on this point is deficient and should be denied.

As another basis for dismissal, Dr. Owojuyigbe contends that this

case should be dismissed pursuant to 28 U.S.C. § 1915(g) because

Plaintiff brought three prior cases or appeals "which were dismissed for

failure to state a claim or for being frivolous."  ECF No. 86 at 13-14.  That

argument should also be rejected.

 "Section 1915(g), which was added to the in forma pauperis statute

upon the 1996 enactment of the PLRA, provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (quoted in Lloyd v. Benton, 686 F.3d 1225, 1227 (11th

Cir. 2012).  Reading the statute discloses the error of Dr. Owojuyigbe's

argument.  The relevant consideration is to actions or appeals brought "in a

court of the United States."  In other words, the PLRA was concerned with

granting in forma pauperis status to prisoners filing in federal court and

requires consideration of prior cases filed in federal court.  "The PLRA's

three-strikes obstacle does not apply in state courts, where [the plaintiff

there] filed [ ]his suit."  Gay v. Chandra, 682 F.3d 590, 596 (7th Cir. 2012)

(quoted in Willis v. Brown, No. CV412 209, 2012 WL 5378731, at *1 (S.D.

Ga. Oct. 29, 2012).  One of the cases Dr. Owojuyigbe pointed out was a

case Plaintiff filed in the Second Judicial Circuit for Leon County, Florida.

ECF No. 86 at 14.  That case does not count and Dr. Owojuyigbe has not

otherwise shown Plaintiff should not have been granted in forma pauperis

status in this case.  The motion to dismiss should be denied as to this

argument as well.

Dr. Owojuyigbe also contends dismissal is warranted because

Plaintiff did not sufficiently allege an Eighth Amendment claim.  ECF No.

86 at 16-60.  This Court has already concluded that Plaintiff has sufficiently

alleged a plausible Eighth Amendment claim.  ECF Nos. 42, 52.  The

reasoning need not be explained again here.  *See* ECF No. 42 at 8-12.

To the degree the motion for reconsideration clarifies

Dr. Owojuyigbe's argument as focused on the fact that his role was

different than Dr. Montoya and that Plaintiff did not allege the presence of a

custom or policy, ECF No. 95 at 5, the motion to dismiss should be denied.

*See* ECF No. 86 at 21.  Plaintiff <u>did</u> allege the existence of several policies

that he contends caused him harm.  Plaintiff alleged that his cancer

treatments with Rituxan were discontinued after Corizon became the health

care provider.  ECF No. 13 at 6.  Plaintiff alleged that "according to

Corizon's 'policy,'" he was only supposed to receive "Rituxan for two years"

and he had already exceeded that length of time.  *Id.* at 8.  Plaintiff also

alleged that due to Corizon policy, a Dermatologist was not available to

provide health care to inmates.  *Id.* at 6-7.  Plaintiff also alleged that

Corizon had criteria (thus, a policy) concerning which inmates could

receive skin protection passes, hats, long sleeve shirts, and the like.  *Id.* at

7-8.

It is appropriate to retain claims against Dr. Owojuyigbe in his official

capacity to challenge policies of Corizon which were applied to Plaintiff.

Plaintiff's complaint asserts the denial of "meaningful medical care at

Columbia" Correctional Institution, as well as at Taylor Correctional

Institution and R.M.C. where he was previously housed.  Construing

Plaintiff's complaint liberally, which the Court must do for pro se litigants, it

appears the complaint alleges that policies of Corizon have been employed

state wide and violate his Eighth Amendment rights.  At this stage of the

litigation, doctors sued in their official capacity as well as the Secretary for

the Department of Corrections are appropriate defendants to address

claims challenging policies which are alleged to be the "moving force"

behind a constitutional deprivation and should not be dismissed.  *See*

Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 705-06 (11th Cir. 1985)

(noting that if a county permits ether "the sheriff and/or prison health

officials" to establish an unconstitutional policy or custom, both are appropriate defendants and may be liable); Young v. City of Augusta, Ga., 59 F.3d 1160, 1171 (11th Cir. 1995) (cited in McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999)).  The motion to dismiss should be denied on this basis as well.

Dr. Owojuyigbe argued that the complaint should be dismissed "insofar as it seeks money damages" against him in his official capacity. ECF No. 86 at 20.  Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "the Eleventh Amendment bars a damages action against a State in federal court.").  That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).  The motion to dismiss the request for monetary damages against Dr. Owojuyigbe should be granted.

An exception to that bar is through Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908); *see* Idaho v. Coeur d'Alene Tribe of Idaho,

521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming

that prospective relief may be sought against a state official in federal

court); <u>Sandoval v. Hagan</u>, 197 F.3d 484, 492 (11th Cir. 1999) (citing

<u>Summit Med. Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir. 1999)).

> The doctrine prohibits state officers from enforcing state
> policies in violation of the Constitution or federal law under a
> legal "fiction" that "creates an imaginary distinction between the
> state and its officers, deeming the officers to act without the
> state's authority, and hence, without immunity protection, when
> they enforce state laws in derogation" of federal or
> constitutional rights.

<u>Sandoval</u>, 197 F.3d at 492 (citing <u>Summit Med.</u>, 180 F.3d at 1337).  This

long-standing doctrine was explained by the Supreme Court as follows:

> The doctrine of *Ex parte Young*, which ensures that state
> officials do not employ the Eleventh Amendment as a means of
> avoiding compliance with federal law, is regarded as carving
> out a necessary exception to Eleventh Amendment immunity.
> *See, e.g., Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423,
> 426, 88 L.Ed.2d 371 (1985)*.  Moreover, the exception is
> narrow: It applies only to prospective relief, does not permit
> judgments against state officers declaring that they violated
> federal law in the past, *id.*, at 73, 106 S.Ct., at 428, and has no
> application in suits against the States and their agencies, which
> are barred regardless of the relief sought, *Cory v. White, supra*.
> Rather than defining the nature of Eleventh Amendment
> immunity, *Young* and its progeny render the Amendment wholly
> inapplicable to a certain class of suits. Such suits are deemed
> to be against officials and not the States or their agencies,
> which retain their immunity against all suits in federal court.

<u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146, 113 S. Ct. 684, 688 89, 121 L. Ed. 2d 605 (1993)

Here, Plaintiff seeks "proper medical care" as injunctive relief in the complaint.  ECF No. 13 at 10.  Plaintiff also filed a motion for an injunction "prohibiting Defendants from continued denial of proper medical care, treatments, and or medication."  ECF No. 16 at 1.  Plaintiff asserts that he "has not received treatments or cancer clinic examinations since October 8, 2014, despite signs" that his Chronic Lymphocytic Leukemia "is no longer in remission."  ECF No. 16 at 4.  He also states that he "has not received any treatments for the diagnosed skin cancer lesions on the face, and been denied all sun protection passes."  *Id.*  He says he has "been denied all cancer related medical care since October 8, 2014."  *Id.*  The Eleventh Amendment does not bar this request for prospective injunctive relief.  The motion to dismiss the complaint against Defendant Dr. Owojuyigbe in his official capacity should be granted in part as to the request for monetary damages, but denied as to the request for injunctive relief.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Dr. Owojuyigbe's motion to dismiss, ECF No. 86, be **GRANTED** as to the

claim against him in his official capacity for monetary damages, but

otherwise **DENIED**, and Dr. Owojuyigbe should be required to file an

answer within 10 days.  It is further **RECOMMENDED** that his case be

**REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2016.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**