IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN F. D'AMICO,

    Plaintiff,

v.                                  Case No. 4:15cv127-MW/CAS

DR. VERNON MONTOYA,
DR. A. BUCARELLI,
DR. ALFONSO MARTINEZ,
DR. P. MARCEUS,
DR. HEZEKIAH OWOJUYIGBE,
and JULIE JONES,

    Defendants.
_____/

## ORDER ACCEPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Amended Report and Recommendation, ECF No. 111, and has also reviewed *de novo* the objections of Defendant Dr. Bucarelli, ECF No. 114, and Defendant Dr. Hezekiah, ECF No. 117. Accordingly,

IT IS ORDERED:

The report and recommendation is **accepted and adopted**, over the objections of Dr. Bucarelli and Dr. Hezekiah, as this Court's opinion. In so ruling, this Courts feels obliged to comment on the objections.

As she acknowledges, Dr. Bucarelli does not have standing to challenge the issuance of a preliminary injunction. ECF No. 114. Assuming standing, she certainly does not get to wait for the Magistrate to issue a report and recommendation and then supplement the record, ECF No. 113, without leave of court. This is emblematic of how this matter has been handled; namely, Defendant Bucarelli was dismissive of Plaintiff expecting this Court to summarily dismiss his claims and when that didn't happen then she sought a "redo" via objections. Defendant Owijuyigbe did the same thing. He did not adequately develop the record, did not seek to supplement the record in reply, got an adverse recommendation and has now filed objections incorporating a motion for summary judgment and challenging the report and recommendation based on evidence not before the Magistrate and not properly before this Court. This is not proper and this Court expects better.

It is also no answer that the "sky will fall" if an injunction issues or that the Magistrate directs a particular course of treatment. The injunction does no more than require Plaintiff to be evaluated and treated by a medical professional. If Plaintiff has been treated and continues to be treated then there is nothing more to do. And, if Plaintiff has misrepresented his treatment then such misrepresentations may well have consequences. But, we find ourselves at this juncture through no fault of the Magistrate or this Court. This Court has sworn evidence that Plaintiff

has received no medical care for leukemia and skin cancer since October of 2014. Without any countervailing evidence, the Magistrate and this Court will not assume that such facts are untrue and deny the preliminary injunction. If it is true that Plaintiff received no medical treatment then he is certainly likely to prevail on the merits.

Plaintiff's Motion for Preliminary Injunction, ECF No. 16, is **GRANTED** Plaintiff shall be provided medical care, diagnosis, and treatment as needed.[1] This case is remanded to the Magistrate Judge for further proceedings.

**SO ORDERED on September 8, 2016.**

<u>s/Mark E. Walker</u><br>
**United States District Judge**

---

[1] As noted above, if this has already occurred then there is nothing more to do.