**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN F. D'AMICO,**

    Plaintiff,

vs.	Case No. 4:15cv127-MW/CAS

**DR. VERNON MONTOYA,
DR. A. BUCARELLI,
DR. ALFONSO MARTINEZ,
DR. P. MARCEUS,
DR. HEZEKIAH OWOJUYIGBE,
and JULIE JONES,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On October 14, 2016, the pro se Plaintiff filed a "motion for temporary restraining order," ECF No. 142.  This Report and Recommendation is entered without awaiting a response from Defendants.

Plaintiff alleges that he has been subjected to retaliatory actions by Department of Corrections officials in retaliation for his complaints about the conditions of his confinement.  ECF No. 142.  Plaintiff specifically alleges that Officer Webb recently fabricated a disciplinary report against him.  *Id.* at 1-2.  Plaintiff now requests this Court restrain the Department of

Corrections from destroying the video recording of the dormitory at the time of the alleged disturbance which formed the basis of the retaliatory disciplinary report. *Id.* at 2. Plaintiff further requests the Department be directed to stop "officials from withholding his legal work, pens, paper, and or otherwise interferring [sic] with his ability to" litigate this case. *Id.* He seeks an order prohibiting officials from harassing him or encouraging others to harass him, or withholding his food tray. *Id.* Finally, Plaintiff requests restraining department officials "from bruising him over and over with confinement restraints." *Id.* Plaintiff admits that his leukemia "causes him to bruise very easily." *Id.*

Pursuant to Rule 65, a temporary restraining order must not be issued unless the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126

(11th Cir. 1997); United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  Because a preliminary injunction is an extraordinary and drastic remedy, it should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Here, Plaintiff's allegations are not against any named Defendant. This case concerns the denial of medical care, and these allegations are unrelated to that claim.  There are no allegations that any Defendant has directed, or is otherwise responsible, for the allegations of retaliation alleged by Plaintiff.

There are also no allegations of irreparable injury.  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012).  Should Plaintiff be able to prove that a prison official acted in a retaliatory manner because Plaintiff filed this case or has filed grievances challenging the conditions of confinement, Plaintiff would be able to recover at least nominal damages under 42 U.S.C. § 1983. Because Plaintiff has an adequate remedy at law for his allegations of

retaliation, there cannot be a finding of irreparable injury.  *See* Jefferson Cnty., 720 F.2d at 1520 (finding that "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").  Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."  Because Plaintiff has not demonstrated all four of the prerequisites for injunctive relief, the instant motion must be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order, ECF No. 142, be **DENIED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.