# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

STEVEN F. D'AMICO,

    Plaintiff,

vs.                                                           Case No. 4:15cv127-MW/CAS

DR. VERNON MONTOYA,
DR. A. BUCARELLI,
DR. ALFONSO MARTINEZ,
DR. P. MARCEUS,
DR. HEZEKIAH OWOJUYIGBE,
and JULIE JONES,

    Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

On May 10, 2017, Defendant Owojuyigbe filed a "notice of stipulation and motion to dismiss." ECF No. 185. That document was filed in response to the Court Order, ECF No. 180, entered by United States District Judge Mark Walker, denying Defendant Owojuyigbe's motion for reconsideration, ECF No. 179. After noting that only a *preliminary* injunction had been entered, *see* ECF No. 125, the Order concluded by stating: "This case has not been resolved as it relates to Dr. Owojuyigbe

unless Dr. Owojuyigbe stipulates to an injunction as it pertains to her." ECF No. 180 at 2.

Notably, Dr. Owojuyigbe's motion to dismiss, ECF No. 86, was granted "as to the claim against him in his official capacity for monetary damages, but otherwise denied." ECF No. 106. It has been concluded that Dr. Owojuyigbe's presence in this case is not duplicative or redundant to other Defendants. ECF No. 98 at 2-4; ECF No. 106.

More recently, Dr. Owojuyigbe's motion for summary judgment, ECF No. 117, was denied because there was a genuine issue of material fact. ECF Nos. 175, 178. Having lost both of those motions, Dr. Owojuyigbe now seeks to stipulate to dismissal on the basis that the only claim pending is in the Defendant's official capacity for future injunctive relief and Plaintiff is no longer incarcerated at Columbia Correctional Institution.[1] ECF Nos. 179, 185. Dr. Owojuyigbe "stipulates that, should Plaintiff return to Columbia Correctional Institution, he will continue to receive adequate medical care for all of the conditions at issue in this lawsuit." ECF No. 185 at 2. Defendant Dr. Owojuyigbe seeks dismissal *"with prejudice* from this lawsuit." *Id.*

---

[1] Dr. Owojuyigbe is the Chief Health Officer at Columbia Correctional Institution where Plaintiff was previously housed.

Plaintiff opposes Dr. Owojuyigbe's stipulation because it implies that Plaintiff's medical care was adequate. ECF No. 191 at 9. That opposition is justified. As noted above, Dr. Owojuyigbe's motion for summary judgment was denied because there was found to be a genuine dispute of material fact as to whether Plaintiff received adequate medical treatment while housed at Columbia C.I. ECF No. 175 at 28-31. Notwithstanding the fact that Plaintiff's request for relief concerns *future injunctive relief*, the basis for Plaintiff's claim is *past medical care.* Thus, a stipulation to continue providing medical care that Plaintiff alleged was inadequate is not permissible and Dr. Owojuyigbe should not be dismissed at this point in the litigation.

Moreover, as pointed out in Plaintiff's response to Dr. Owojuyigbe's notice of stipulation, "[i]t is foreseeable that Plaintiff could be returned to Columbia C.I. in the future." ECF No. 191 at 9. Plaintiff is currently housed at the Reception and Medical Center [R.M.C.] in Lake Butler, Florida. *Id.* Yet the record demonstrates that Plaintiff has been transferred numerous times during the pendency of this litigation. He has been at Hamilton C.I., ECF No. 4, Columbia C.I, ECF No. 11, Suwannee C.I., ECF No. 141, Wakulla C.I., ECF No. 161, and R.M.C, ECF No. 181. At any point, Plaintiff

could be returned to Columbia C.I. Thus, Dr. Owojuyigbe should not be dismissed with prejudice on the basis that Plaintiff is no longer housed where that Defendant is employed.

Because there remains a dispute as to whether Plaintiff has received adequate medical care under the Eighth Amendment, the notice of stipulation and motion to dismiss, ECF No. 185, should be denied. Dr. Owojuyigbe has erroneously claimed "there are no issues left to address against" him, *see* ECF No. 188, but as noted herein, Plaintiff's claims against that Defendant are set to go to trial because summary judgment was denied. *See* ECF No. 178.

As an additional matter, an order was entered granting Plaintiff's motion for appointment of counsel. ECF No. 176. Subsequently, two notices of appearance have been filed; the first was filed by attorney Raemi Eagle-Glenn, ECF No. 184, of Gainesville, Florida and the second notice was filed by attorney James V. Cook, of Tallahassee, Florida. ECF No. 186. Counsel were directed to file a response clarifying whether both attorneys were working cooperatively to represent Plaintiff or advise whether a mistake had been made. ECF No. 189. No response was filed by the deadline provided, but the receipt response to Dr. Owojuyigbe's

notice was signed by Raemi Eagle-Glenn as "co-counsel" for Plaintiff. ECF No. 191 at 10. That signature sufficiently responds to the prior Order.

Finally, Plaintiff D'Amico has submitted a "motion for rule to show cause." ECF No. 190. Plaintiff is now represented by counsel. The rules of this Court direct that a "party who is represented by an attorney must appear only through the attorney; the party may not file documents or participate in a trial or hearing on the party's own behalf." N.D. Fla. Loc. R. 11.1(F). No further action will be taken on Plaintiff's motion and the Clerk of Court shall terminate all deadlines associated with that motion.

Accordingly, it is **ORDERED** that Plaintiff's "motion for rule to show cause," ECF No. 190, shall be **TERMINATED** as unauthorized and the Clerk of Court shall terminate all deadlines associated with that motion.

It is respectfully **RECOMMENDED** that Defendant Dr. Owojuyigbe's "notice of stipulation and motion to dismiss." ECF No. 185, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.