**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**STEVEN F. D'AMICO,**

      **Plaintiff,**

**vs.**                         **Case No. 4:15cv127-MW/CAS**

**DR. VERNON MONTOYA,
DR. A. BUCARELLI,
DR. ALFONSO MARTINEZ,
DR. P. MARCEUS,
DR. HEZEKIAH OWOJUYIGBE,
and JULIE JONES,**

      **Defendants.**
_____/


## ORDER and REPORT AND RECOMMENDATION

On July 26, 2017, Defendant Owojuyigbe filed a "motion for reconsideration" of the Order which denied that Defendant's motion for summary judgment. ECF No. 196. In the alternative, Defendant seeks leave to file an amended motion for summary judgment. *Id.* Plaintiff, represented by counsel, filed a response. ECF No. 202.

Three days later, Defendant Owojuyigbe filed a motion seeking leave to file a reply. ECF No. 203. The basis for that motion is that Plaintiff's

response "ignores the applicable law." *Id.* at 2. Having considered the motion, and in the absence of a showing of extraordinary circumstances, that motion is denied. N.D. Fla. Loc. R. 7.1(I). Filing a reply is not needed.

**History**

Plaintiff filed this case as a pro se prisoner and subsequently filed an amended complaint during the summer of 2015. ECF No. 13. As this case pertains to Dr. Owojuyigbe, the Chief Health Officer at Columbia Correctional Institution, he was not named as a Defendant in the amended complaint, but was substituted for Defendant Dr. Marceus, in his official capacity only, when service could not be carried out on Dr. Marceus.[1] ECF No. 57 at 3. Service was carried out, ECF No. 66, and Dr. Owojuyigbe filed a motion to dismiss for failure to state a claim. ECF No. 86. A Report and Recommendation was entered recommending the motion be granted as to Plaintiff's request for monetary damages, but otherwise denied. ECF No. 88.

Dr. Owojuyigbe then filed "objections," ECF No. 95, which were "more akin to a motion for reconsideration" so the document was remanded

---

[1] Subsequently, Dr. Marceus was served with process, ECF No. 139, filed a notice of appearance, ECF No. 123, and filed a motion for summary judgment. ECF No. 136. A Report and Recommendation, ECF No. 198, is pending on that motion.

for additional review. ECF No. 96. An amended Report and Recommendation was entered in June 2016, with the same recommendation, but providing greater clarification. ECF No. 98. That Report and Recommendation was adopted, ECF No. 106, and Dr. Owojuyigbe filed an answer on July 25, 2016. ECF No. 109.

On August 11, 2016, Dr. Owojuyigbe filed a motion for summary judgment. ECF No. 117. Plaintiff filed a response, ECF No. 144, and Dr. Owojuyigbe filed a reply. ECF No. 147. On February 12, 2017, a Report and Recommendation was entered recommending that the motion for summary judgment filed by Dr. Owojuyigbe be denied because there is a genuine dispute of material fact. ECF No. 175. Dr. Owojuyigbe filed objections,[2] ECF No. 177, which were considered by District Judge Mark E. Walker and overruled. ECF No. 178. The Report and Recommendation, ECF No. 175, was accepted and adopted. ECF No. 178.

Dr. Owojuyigbe then filed a motion for reconsideration, ECF No. 179, which Judge Walker denied. ECF No. 180. Denial was based on the fact

---

[2] Dr. Owojuyigbe did not assert in the objections that Plaintiff's transfer to another institution had mooted his claim. Rather, the primary objection was that summary judgment should be granted because injunctive relief has already been granted in favor of Plaintiff. ECF No. 177 at 2-4. Notably, Dr. Owojuyigbe also asserted that summary judgment was not properly granted in his favor because Plaintiff did not show that the delay in medical care "was detrimental," *id.* at 5-6, and because his condition was monitored. *Id.* at 12-14.

that Dr. Owojuyigbe failed to realize that only a *preliminary* motion for injunctive relief was granted in Plaintiff's favor.  Thus, there were issues of fact which remained to be tried concerning Plaintiff's Eighth Amendment claim.

Notwithstanding the denial of that motion, Dr. Owojuyigbe then filed a "notice of stipulation and motion to dismiss," on May 10, 2017.  ECF No. 185.  Dr. Owojuyigbe stated that Plaintiff was no longer incarcerated at Columbia Correctional Institution and stipulated "that, should Plaintiff return to Columbia Correctional Institution, he will continue to receive adequate medical care for all of the conditions at issue in this lawsuit."  *Id.* at 1-2. Plaintiff was provided an opportunity to respond, and did so, ECF No. 191, over Dr. Owojuyigbe's objection, ECF No. 188.  After considering these issues again, another Report and Recommendation was entered recommending that Dr. Owojuyigbe *not* be dismissed.  ECF No. 192.  The Report and Recommendation pointed out that "[n]otwithstanding the fact that Plaintiff's request for relief concerns future injunctive relief, the basis for Plaintiff's claim is past medical care.  Thus, a stipulation to continue providing medical care that Plaintiff alleged was inadequate is not permissible and Dr. Owojuyigbe should not be dismissed at this point in the

litigation." ECF No. 192 at 3. Furthermore, Plaintiff has been transferred numerous times during this case and it is not inconceivable that Plaintiff may again be returned to Columbia C.I. *Id.* at 3-4. That Report and Recommendation, ECF No. 192, was adopted. ECF No. 194.

Dr. Owojuyigbe has once again filed a motion for reconsideration based on new evidence. ECF No. 196. Plaintiff has filed a response in opposition, ECF No. 202, and the motion is ready for a ruling.

**Current motion for reconsideration**

Dr. Owojuyigbe argues that Plaintiff has been transferred, is no longer at Columbia Correctional Institution and, thus, Plaintiff's claim against him is moot. ECF No. 196 at 2. Dr. Owojuyigbe argues that this is "new evidence/development" because Plaintiff was transferred away from Columbia C.I. after the summary judgment motion was filed. *Id.* at 2.

Plaintiff points out in his response that he has not been released from the custody of the Department of Corrections. ECF No. 202 at 2. Rather, Plaintiff has been transferred to other prisons and, thus, the cases cited by Dr. Owojuyigbe are not applicable. *Id.* Furthermore, "Plaintiff has been incarcerated at 8 different prisons within the custody of FDOC in a 4-year period." *Id.* at 3. "It is more than a tenuous possibility, and more than mere

speculation, that Plaintiff could be returned from RMC to Columbia C.I." *Id.* Plaintiff objects to Dr. Owojuyigbe's motion. *Id.* at 3.

First, as a matter of clarification, Dr. Owojuyigbe incorrectly asserts that "the only claim remaining against" his is a "claim for injunctive relief." ECF No. 196 at 3. The *claim* is that Plaintiff did not receive appropriate medical care in violation of the Eighth Amendment; the *relief* sought is for injunctive relief. Because Dr. Owojuyigbe is sued in his official capacity, claims for monetary damages are not possible.

Second, Dr. Owojuyigbe argues that transfer or release of a prisoner moots "that prisoner's claims for injunctive and declaratory relief." ECF No. 196 at 5-6. In support, Dr. Owojuyigbe cites to Mann v. McNeil, 360 Fed. Appx. 31 (11th Cir. 2010); Nashaddai v. Johnson, 2016 WL 7757276 (N.D. Fla. Dec. 1, 2016) (citing Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (concluding that inmate's release from prison mooted claim for declaratory and injunctive relief); McKinnon v. Talladega Cnty., 745 F.2d 1360, 1365 (11th Cir. 1984) (inmates transfer to a different jail moots claim for declaratory and injunctive relief but not a claim for monetary damages)).

It is true that the *"general* rule" concerning prisoner transfers is "that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (cited in Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010). However, "[t]he doctrine of mootness derives directly from the case-or-controversy limitation, because an action that is moot cannot be characterized as an active case or controversy." Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007) abrogated on other grounds by Sossamon v. Texas, 131 S. Ct. 1651 (2011). The "general rule" is premised on the concept that "[p]ast exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." Wahl v. McIver, 773 F.2d 1169, 1173-74 (11th Cir. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974).

There is, however, "a narrow exception to the doctrine of mootness when a challenged action is capable of being repeated and when it evades review, but it only applies when: '(1) there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too

short to be fully litigated prior to its cessation or expiration.'" <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1336 (11th Cir. 2001) (internal quotation marks omitted) (quoted in <u>Owens</u>, 602 F. App'x at 476).  Plaintiff is no longer at Columbia Correctional Institution.  As of April 2017, he was transferred to the Reception and Medical Center, ECF No. 181, and he is still there as of this date.  *See* ECF No. 024 at 2.  However, it is highly unlikely that Plaintiff will remain there.  Experience in prisoner civil rights cases reveals that prisoners are sent to the Medical Center because of medical needs and then, after treatment is provided, transferred to permanent housing facilities.  As has been the case here, Plaintiff has been transferred numerous times during the pendency of this litigation, *see* ECF No. 192 at 3-4, and he will certainly be transferred again.  It is, however, far from certain *where* Plaintiff will be housed when transferred.  It must be concluded as too speculative that Plaintiff would be returned to Columbia C.I. as there are over 150 correctional institutions where Plaintiff could be housed.

It is of concern to the Court that Plaintiff has demonstrated a continuing case or controversy regarding his medical care.  *See* ECF No. 204.  However, it cannot be said that there remains a continuing

controversy with Dr. Owojuyigbe concerning that care. The claim against Dr. Owojuyigbe is in his official capacity for future injunctive relief, but if Plaintiff is not incarcerated at Columbia Correctional Institution, then Dr. Owojuyigbe cannot provide relief. This Defendant does not have a continuing controversy with Plaintiff, although it seems inconsistent with the fact that Dr. Owojuyigbe clearly denies Plaintiff's assertions that he has not received adequate medical care. That care is, however, in the past, at least as it concerns Dr. Owojuyigbe.

Moreover, a pending Report and Recommendation recommends granting summary judgment in favor of Dr. Marceus.[3] ECF No. 198. Notably, the summary judgment motion filed by Dr. Marceus was unopposed. The record evidence showed Plaintiff was treated only one time by Dr. Marceus. *Id.* at 12. No evidence was presented to show that Dr. Marceus was deliberately indifferent to Plaintiff's medical care. *Id.* at 18. In light of that fact, and the fact that Plaintiff is not housed in the same facility where Dr. Owojuyigbe provides medical care, it now appears appropriate to grant summary judgment as to Dr. Owojuyigbe.

---

[3] Dr. Owojuyigbe is sued in his official capacity based on the claim brought against Dr. Marceus which continued in his individual capacity only.

Accordingly, it is **ORDERED** that the motion for leave to file a reply,

ECF No. 203, be **DENIED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion for

reconsideration, ECF No. 196, be **GRANTED**, and summary judgment be

entered in favor of Dr. Hezekiah Owojuyigbe.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**