# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

STEVEN F. D'AMICO,

    Plaintiff,

vs.                               Case No. 4:15cv127-MW/CAS

DR. VERNON MONTOYA,
DR. A. BUCARELLI,
DR. ALFONSO MARTINEZ,
DR. P. MARCEUS,
DR. HEZEKIAH OWOJUYIGBE,
and SECRETARY JULIE JONES,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

After granting summary judgment in favor of every Defendant who had appeared, this case was remanded for further proceedings. ECF No. 220. An Order was entered on October 26, 2017, providing the parties an opportunity to aid the Court in determining what remained pending and what relief could be provided. ECF No. 222.

That Order, ECF No. 222, provided a summation, noting that Plaintiff's second amended complaint, ECF No. 13, named Dr. Bucarelli,

Dr. Marceus, Dr. Martinez, and Dr. Montoya as Defendants. Secretary Julie Jones was made a party to this case in her official capacity only, ECF No. 59, but summary judgment has now been granted in her favor. ECF Nos. 207, 218. Additionally, summary judgment was granted in favor of Dr. Bucarelli, ECF Nos. 199, 211, who was sued in her individual capacity only. ECF No. 52 at 6.

Dr. Marceus was named as a Defendant in both his official and individual capacities. ECF No. 52 at 6. However, Dr. Owojuyigbe was substituted as a Defendant pursuant to Rule 25(d) for Dr. Marceus. ECF Nos. 59, 98. Thus, claims proceeded only against Dr. Marceus in his individual capacity and against Dr. Owojuyigbe in his official capacity, and summary judgment has been granted in their favor of both Defendants. ECF Nos. 198, 206, 210, and 221.

Dr. Montoya was also named as a Defendant in both his official and individual capacities. ECF No. 52 at 6. Dr. Matthew Sweetser was substituted as a Defendant pursuant to Rule 25(d) for Dr. Montoya. ECF No. 57. Thus, claims proceeded against Dr. Montoya in his individual capacity only and against Dr. Sweetser in his official capacity only. *Id.* Summary judgment has been granted in favor of Dr. Montoya. ECF Nos.

195, 220. Dr. Sweetser was served with process at R.M.C., ECF Nos. 72 and 79, but he did not file a response to Plaintiff's complaint. An Order was entered on May 27, 2016, finding that Dr. Sweetser was in default. ECF No. 88. Dr. Sweetser's default was entered on the docket pursuant to Rule 55, but no further action was taken as to Dr. Sweetser.

Finally, Dr. Martinez was sued in his individual capacity, ECF No. 52 at 6, but service has never carried out on Dr. Martinez. ECF Nos. 23, 30. Plaintiff was directed to use discovery to determine the whereabouts of that Defendant. ECF No. 57. At one point Plaintiff filed a motion requesting additional service efforts be made for Dr. Martinez, but Plaintiff admitted that he had been "unable to ascertain the whereabouts of" that Defendant. ECF No. 73. Plaintiff's motion was denied without prejudice because service could not be directed without an address. ECF No. 76 at 3; ECF No. 115.

In sum, no active Defendants remain in this case. Accordingly, it was noted that Plaintiff's pending motion for a preliminary injunction against Secretary Jones and Dr. Owojuyigbe, ECF No. 204, was likely moot because summary judgment had been granted in favor of those Defendants. ECF No. 222. Nevertheless, the parties were provided an

opportunity to file a response clarifying what, if anything, remained pending. ECF No. 222. Plaintiff was specifically required to show good cause why his claim against Dr. Martinez should not be dismissed for failure to serve the Defendant with process. *Id.* As of this date, Plaintiff has not responded.

Secretary Jones responded by requesting Plaintiff's motion for preliminary injunction be denied as moot. ECF No. 223. Dr. Owojuyigbe did the same. ECF No. 224.

It appears that no further judicial relief is possible and that Plaintiff has abandoned his claims against Dr. Martinez and Dr. Sweetser. This case should now be dismissed and Plaintiff's pending motion be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** and Plaintiff's pending motion for preliminary injunction, ECF No. 204, be **DENIED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on November 27, 2017.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.